IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DON SLAYBAUGH,

          Plaintiff,

   v.

KEYBANK NATIONAL ASSOCIATION,

          Defendant.

No. 3:14-cv-00211-HZ

OPINION & ORDER

B. Scott Whipple
Eric D. Wilson
Whipple & Duyck, PC
1500 SW First Avenue
Suite 1170
Portland, OR 97201

    Attorneys for Plaintiff

David Arden Anderson
Joel A. Parker
Schwabe Williamson & Wyatt, PC
1211 SW Fifth Avenue, Ste. 1800
Portland, OR 97204

    Attorneys for Defendant

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiff Don Slaybaugh brings this motion to remand to state court his breach of contract claim against Defendant Keybank National Association, alleging Defendant's removal was untimely. I deny Plaintiff's motion because Plaintiff did not properly serve Defendant, causing the 30-day removal period under 28 U.S.C. § 1446 to begin when Defendant waived service, which was within the 30-day period.

## BACKGROUND

On December 30, 2013, Plaintiff filed a complaint in Multnomah County Circuit Court alleging Defendant breached a contract. Compl. ¶ 2. On January 3, 2014, defense counsel Joel Parker emailed Plaintiff's counsel confirming, "I can accept service. If you want to send a draft acceptance my way I'll sign and send it back." Def.'s Resp. Pl.'s Mot. Remand ("Def.'s Resp.") 2. That same day, January 3, 2014, Plaintiff's counsel sent Parker a copy of the Summons and Complaint via first class mail. Compl. ¶ 2.

Defendant admits it waived formal service on January 10, 2014, when Parker signed an "Acceptance of Service," which stated, in part, "I further waive any defects or irregularities in the service of said Complaint and Summons." Def.'s Resp. 2.[1] Defendant removed this action on February 10, 2014. Def.'s Resp. 3.

## STANDARDS

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); Matheson v. Progressive Spec. Ins. Co., 319 F.3d 1089,

---

[1] January 10, 2014 falls within the 30-day period before Defendant removed this action on February 10, 2014.

1090 (9th Cir. 2003) ("Any civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed.").

The burden of establishing federal jurisdiction is on the removing party, and the removal statute is strictly construed against removal jurisdiction. <u>Hunter v. Philip Morris USA</u>, 582 F .3d 1039, 1042 (9th Cir. 2009); <u>Abrego Abrego v. The Dow Chem. Co.</u>, 443 F.3d 676, 685 (9th Cir. 2006).

Remand is governed by 28 U.S.C. § 1447(c) which provides, in pertinent part, that

> [a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c).

## DISCUSSION

Plaintiff moves to remand this case to state court, alleging Defendant's removal was untimely. Removal of a civil action is timely if it is

> filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Courts read § 1446(b) "in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." <u>Murphy Bros. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347-48 (1999). Accordingly, "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere

3 - OPINION & ORDER

receipt of the complaint unattended by any formal service." Id. (internal quotation marks omitted). Formal service may be achieved by following state law "in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Oregon Rules of Civil Procedure, service by mail "shall be made by mailing true copies of the summons and the complaint to the defendant by first class mail and by any of the following: certified, registered, or express mail with return receipt requested." Or. R. Civ. P. 7 D(2)(d)(i).

Plaintiff argues "Defendant did not remove this matter within 30 days of its 'receipt, through service or otherwise,' of the state court summons and complaint." Pl.'s Mem. Supp. Mot. Remand ("Pl.'s Mem.") 1 (quoting Murphy Bros., 526 U.S. 344). Plaintiff argues "formal 'process' triggers the 30-day period—not formal 'service,'" and here the 30-day period began on "the date defense counsel received the summons and complaint via first class mail." Pl.'s Reply Supp. Pl.'s Mot. Remand ("Pl.'s Reply") 2-3 (citing Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691, 635 F.3d 1128 (9th Cir. 2011)). Thus, Plaintiff contends it is Defendant's burden to overcome the presumption that it received the Summons and Complaint, which were mailed to Defendant via first class mail on January 3, 2014, within the City of Portland, on or after January 8, 2014.[2] If Defendant fails to overcome that presumption, Plaintiff concludes, then Defendant received the Summons and Complaint before January 8, 2014, which is beyond the 30-day period for removal, and thus Defendant's removal was untimely.

Additionally, Plaintiff argues the 30-day period began when Defendant received the Summons and Complaint, even if that service was ineffective under state law. Pl.'s Reply 3.

Defendant contends the 30-day period for removal begins when a defendant is formally served, not when the defendant initially receives a summons and complaint. Def.'s Resp. 3.

---

[2] The parties do not dispute January 8, 2014 as the first day within the 30-day window for proper removal.

4 - OPINION & ORDER

Accordingly, Defendant argues it was not formally served under Or. R. Civ. P. 7 D(2)(d) because Plaintiff sent the Summons and Complaint via first class mail only. Def.'s Resp. 4. Because it was never formally served, Defendant asserts the 30-day removal period did not begin until it waived service on January 10, 2014, and thus its removal on February 10, 2014 was timely. I agree.

Despite Plaintiff's assertion that Defendant's receipt of the Summons and Complaint was sufficient to begin the 30-day removal period, <u>Murphy Brothers</u> requires formal service: "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint <u>unattended by any formal service</u>." <u>Murphy Bros.</u>, 526 U.S. at 347-48 (emphasis added). Therefore, Plaintiff did not properly serve Defendant because Plaintiff served Defendant only by first class mail, and Oregon law also requires service by certified, registered, or express mail with return receipt requested. Consequently, the 30-day period for removal began when Defendant waived service of process on January 10, 2014, which is within 30 days of Defendant's removal on February 10, 2014.

Moreover, Plaintiff misconstrues <u>Quality Loan Service</u>. That court considered whether a trustee's service of process failed to comply with 28 U.S.C. § 2410(b), which, like Or. R. Civ. P. 7 D(2)(d)(i), requires a two-step process: serving the "United States attorney for the district in which the action is brought . . . and by sending copies of the process and complaint, by registered mail, or by certified mail, to the Attorney General of the United States. . . ." 635 F.3d at 1133 (citing 28 U.S.C. § 2410(b)) (internal quotation marks omitted). The court did not distinguish "process" from "service." It merely stated that, under <u>Murphy Brothers</u>, "the defendant must be notified of the action, and brought under a court's authority, by formal process, before the

5 - OPINION & ORDER

removal period begins to run." Id. The court then held the trustee's service of process failed to comply with 28 U.S.C. § 2410(b), stating:

> [The trustee] indisputably failed to comply with these requirements when it mailed a notice of the action to the IRS office in Laguna Niguel and later e-mailed a notice of the action to the United States Attorney's Office for the Central District of California. Because these steps were insufficient to constitute the formal process prescribed in section 2410(b), they did not start the removal clock, regardless of whether they provided the United States with actual notice of the action. Consequently, the notice of removal was not untimely.

Quality Loan Serv., 635 F.3d at 1133 (footnote omitted). Although Quality Loan Service used "process" to describe "service" under the statute, the court still required the trustee to comply with the applicable statute governing service before the removal clock could begin. Here, as discussed above, Plaintiff's service by first class mail alone was deficient under Oregon law. Thus, the 30-day removal period did not begin until Defendant waived service on January 10, 2014.

Lastly, Plaintiff does not cite any binding authority for his assertion that ineffective service under state law is irrelevant to calculating the 30-day period for removal actions. In contrast, Quality Loan Service determined whether service was proper in a removal action by considering whether the defendant had "received" a summons and complaint and whether service was proper under the applicable service of process statute. Thus, Plaintiff's argument is unavailing.

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

6 - OPINION & ORDER

## CONCLUSION

Plaintiff's motion to remand [6] is DENIED.

IT IS SO ORDERED.

Dated this 30 day of April, 2014.

                                                MARCO A. HERNANDEZ
                                                United States District Judge